**SO ORDERED.**

**SIGNED this 20 day of March, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

**JAIMEE OPFER,**

      **DEBTOR**　　　　　　　　　　　　　　　**CASE NO. 07-03542-8-JRL**

_____

**ORDER**

    This case is before the court on the trustee's objection to the debtor's amended exemptions and motion to strike. On March 13, 2008, the court conducted a hearing on this matter in Wilson, North Carolina.

    On September 24, 2007, the debtor filed for relief under Chapter 7 of the Bankruptcy Code. Schedule A, which was filed with the petition, shows that the debtor owns a one-half interest in a house and lot located at 404 Colington Drive, Kill Devil Hills, North Carolina. The original Schedule A reflects that the house has a value of $250,000.00 and is subject to a first lien in the amount of $196,500.00, leaving equity of $53,500.00. The other one-half interest in the house is held by the debtor's mother. However, the debtor testified at the Section 341 meeting of creditors that the mother's name is on the deed simply for convenience and that the mother did not pay any of the monthly mortgage payments, the down payment, or upkeep and

maintenance on the property.  On January 17, 2008, the trustee filed an adversary proceeding against the debtor's mother, attempting to avoid the mother's interest in the property as a preference.  The original Schedule C filed with the petition lists the debtor's exemption interest in the house as limited to the $18,500.00 residential claim available under 11 U.S.C. § 522(b)(3) and North Carolina General Statute 1C-1601(a)(1).  Therefore, $35,000.00 in value would be available for the bankruptcy estate if the trustee is able to recover on the claim against the debtor's mother.

The debtor filed amended Schedules A and C on January 3, 2008, which reflected that the value of the home is $199,000.00 rather than $250,000.00, as initially reported.  The debtor asserts that the amended value is based on a market analysis taken several months after the debtor filed her Chapter 7 petition.  Based on the debtor's amended value, the net value of the home is $2,500.00, which the debtor claims is fully exempt.  The trustee contends that the debtor has purposefully understated the value of the property in an attempt to avoid the bankruptcy estate's interest in the property, and that the amended schedule is filed in bad faith and should be stricken.

Federal Rule of Bankruptcy Procedure 1007 provides that a debtor must file with the bankruptcy petition, or within fifteen days thereafter, certain schedules and statements including current assets and liabilities.  Rule 1009 provides that a debtor may amend a schedule at any time before the case is closed without court approval.  However, such amendment is not permitted where the debtor has acted in bad faith or the amendment would prejudice creditors.  In re Yonikus, 996 F.2d 866 (7th Cir. 1993).  Here, the debtor's amended Schedule C reflects a significantly reduced value in real property which, if accepted, would moot out the adversary

proceeding filed by the trustee against the debtor's mother. The court finds that the debtor's amended schedules were filed merely in an attempt to avoid the adversary proceeding and were therefore not filed in good faith.

Based on the forgoing, the trustee's objection is SUSTAINED. The trustee is not bound by the value placed on the property in the amended schedules A and C.

"**END OF DOCUMENT**"